**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FEDERAL TRADE COMMISSION and PEOPLE
OF THE STATE OF ILLINOIS,

      Plaintiffs,

      v.

NORTH AMERICAN AUTOMOTIVE
SERVICES, INC., also d/b/a Ed Napleton
Automotive Group, a corporation,

ED NAPLETON ELMHURST IMPORTS, INC., a
corporation, also d/b/a Napleton's Kia of
Elmhurst/Ed Napleton Acura,

NAPLETON'S ARLINGTON HEIGHTS
MOTORS, INC., a corporation, also d/b/a
Napleton's Arlington Heights Chrysler Dodge Jeep
Ram,

NAPLETON'S NORTH PALM AUTO PARK,
INC., a corporation, also d/b/a Napleton's Northlake
Chrysler Dodge Jeep Ram,

NAPLETON ENTERPRISES, LLC, a limited
liability company, also d/b/a Napleton's South
Orlando/Kissimmee Chrysler Dodge Jeep Ram,

CLERMONT MOTORS, LLC, a limited liability
company, also d/b/a Napleton's Clermont Chrysler
Dodge Jeep Ram,

**Case No. 22 C 1690**

**STIPULATED ORDER FOR
PERMANENT INJUNCTION,
MONETARY JUDGMENT,
AND OTHER RELIEF**

NORTH PALM MOTORS, LLC, a limited liability
company, also d/b/a Napleton's Northlake Kia,

NAPLETON'S ELLWOOD MOTORS, INC., a
corporation, also d/b/a Napleton's Ellwood Chrysler
Dodge Jeep Ram,

NAPLETON MID RIVERS IMPORTS, INC., a
corporation, also d/b/a Napleton's Mid Rivers Kia,
and

HITKO KADRIC,

     Defendants.

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the People of the

State of Illinois, by KWAME RAOUL, Illinois Attorney General (together, "Plaintiffs"), filed

their Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"),

pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

§ 53(b) and 57b, the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1666j, and its

implementing Regulation Z, 12 C.F.R. Part 226, the Equal Credit Opportunity Act ("ECOA"), 15

U.S.C. §§ 1691-1691f, and its implementing Regulation B, 12 C.F.R. § 202, the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("Illinois

Consumer Fraud Act"), and the Illinois Motor Vehicle Advertising Regulations, 14 Ill. Adm.

Code 475.110 *et seq.* Plaintiff FTC and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute plead in FTC Counts I, II, III, IV, and V through the effective date of this Order without requiring the Commission to file an administrative complaint pursuant to 16 C.F.R. Part 3 and then seek monetary relief in federal court pursuant to Section 19(a)(2) of the FTC Act. Plaintiff State of Illinois, through the Illinois Attorney General, and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief to resolve all matters in dispute plead in Illinois Counts VI, VII, VIII, IX, and X through the effective date of this Order in this action between them before requiring the People of the State of Illinois to litigate.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and, as to Napleton Auto Group, Napleton's Elmhurst Kia/Acura and Napleton's Arlington Heights CDJR, Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, in the promoting, advertising, marketing, sale, leasing, or financing of new and used motor vehicles.

3.      The Complaint charges that Defendants Napleton Auto Group, Napleton's Elmhurst Kia/Acura, and Napleton's Arlington Heights CDJR were at all times relevant to the Complaint engaged in trade and commerce in the State of Illinois by advertising, offering for sale, and selling new and used vehicles in and from the State of Illinois.

4.      The Complaint charges that the Defendants located in Illinois participated in deceptive and unfair acts or practices in violation of the Illinois Consumer Fraud Act in the advertising, sale, and leasing of new and used motor vehicles.

5.      The Complaint charges that Defendant Napleton's Arlington Heights Motors, Inc., d/b/a Napleton's Arlington Heights Chrysler Dodge Jeep Ram and Defendant Hitko Kadric, violated the Illinois Consumer Fraud Act and Illinois Motor Vehicle Advertising Regulations in the advertising, sale, and leasing of new and used motor vehicles.   The Complaint further charges that Defendant Napleton's Arlington Heights Motors, Inc., d/b/a Napleton's Arlington Heights Chrysler Dodge Jeep Ram and Defendant Hitko Kadric failed to include required disclosures in its advertisements for closed-end credit, in violation of TILA, 15 U.S.C. 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 226.

6.      The Complaint charges that Defendants Napleton Auto Group, Napleton's Elmhurst Kia/Acura, Napleton's Arlington Heights CDJR, Napleton's Northlake CDJR, Napleton's Kissimmee CJDR, Napleton's Clermont CDJR, Napleton's Northlake Kia, Napleton's Ellwood

CJDR, and Napleton's Mid Rivers Kia, violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, and its implementing Regulation B, 12 C.F.R. § 202, in the promoting, advertising, marketing, sale, leasing, or financing of new and used motor vehicles of new and used motor vehicles.

7.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.   Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

8.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

9.      Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Add-on product or service"** means any product or service relating to the sale, lease, or financing of a motor vehicle that is marketed, offered, provided, sold or arranged by a motor vehicle dealer that is not provided or installed by the motor vehicle manufacturer, including but not limited to extended warranties; maintenance plans; Guaranteed Asset Protection insurance

("GAP insurance"); Vehicle Identification Number (VIN) etching; service contracts; payment programs; rustproofing; undercoating; paint or fabric protection; physical items such as mud flaps or sill plates; appearance products; lease protection; tire and wheel protection; theft protection or security devices; global positioning systems; starter interrupt devices; remote starters; road service or club memberships; shuttle services; credit life, accident, disability, loss-of-income or other insurance; and debt cancellation or suspension coverage.

B.      "**Buy Rate**" means the lowest interest rate at which any assignee will purchase the contract.

C.      "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.   In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for consumers to easily hear and understand it.

4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.     The disclosure must use diction and syntax understandable to consumers and must appear in each language in which the representation that requires the disclosure appears.

6.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

D.     "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

1.     "**Corporate Defendants**" means North American Automotive Services, Inc., Ed Napleton Elmhurst Imports, Inc., d/b/a Napleton's Kia of Elmhurst/Ed Napleton Acura; Napleton's Arlington Heights Motors, Inc., d/b/a Napleton's Arlington Heights Chrysler Dodge Jeep Ram; Napleton's North Palm Auto Park, Inc., d/b/a Napleton's Northlake Chrysler Dodge Jeep Ram; Napleton Enterprises, LLC, d/b/a Napleton's South Orlando (Kissimmee) Chrysler

Dodge Jeep Ram; Clermont Motors LLC, d/b/a Napleton's Clermont Chrysler Dodge Jeep Ram;

North Palm Motors, LLC, d/b/a Napleton's Northlake Kia/Collision Center; Napleton's Ellwood

Motors Inc., d/b/a Napleton's Ellwood Chrysler Dodge Jeep Ram; Napleton Mid Rivers Imports,

Inc., d/b/a Napleton's Mid Rivers Kia; and their successors and assigns.

     2.     "**Individual Defendant**" means Hitko Kadric.

E.     **"Express, Informed Consent"** means an affirmative act communicating unambiguous

assent to be charged, made after receiving, and in close proximity to, Clear and conspicuous

disclosure, orally and in writing, of the following:

     1.     the product or service associated with the charge;

     2.     all fees and costs to be charged to the consumer for the product or service; and

     3.     whether the product or service is optional or required.

## ORDER

### I.   PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting, advertising, marketing, offering for sale or lease, sale, lease, or financing of motor vehicles, are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A.      whether charges, products, or services are optional or required;

B.      the existence or amount of any fees, interest, charges, or costs;

C.      whether charges, products, or services are authorized by consumers;

D.      any material aspect of any Add-on product or service; and

E.      any other material fact, such as:   any restrictions, limitations, or conditions; or any aspect of the benefits, performance, efficacy, nature, or central characteristics of any product or service.

### II. OBTAINING EXPRESS INFORMED CONSENT FOR ALL CHARGES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting, advertising,

marketing, offering for sale or lease, sale, lease, or financing of motor vehicles, are permanently restrained and enjoined from charging a consumer without having obtained the consumer's Express, Informed Consent.

### III. PROHIBITION AGAINST VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

IT IS ORDERED that Defendants North American Automotive Services, Inc., d/b/a Ed Napleton Automotive Group, Ed Napleton Elmhurst Imports, Inc., d/b/a Napleton's Kia of Elmhurst/Ed Napleton Acura, Napleton's Arlington Heights Motors, Inc., d/b/a Napleton's Arlington Heights Chrysler Dodge Jeep Ram, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting, advertising, marketing, offering for sale or lease, sale or lease, or servicing of motor vehicles, are permanently restrained and enjoined from violating Section 2 of the Consumer Fraud Act (815 ILCS 505/2) and Section 2 of the Uniform Deceptive Trade Practices Act by misrepresenting, expressly or by implication or creating a likelihood of confusion regarding:

    A.    whether charges, products, or services are optional or required;

    B.    the existence or amount of any fees, interest, charges, or costs;

    C.    whether charges, products, or services are authorized by consumers;

    D.    any material aspect of any Add-on product or service; and

E.    any other material fact, such as:   any restrictions, limitations, or conditions; or any aspect of the benefits, performance, efficacy, nature, or central characteristics of any product or service.

## IV.   PROHIBITION AGAINST VIOLATIONS OF SECTION 2J.1 OF THE ILLINOIS CONSUMER FRAUD ACT AND VIOLATIONS OF ILLINOIS MOTOR VEHICLE ADVERTISING REGULATIONS

IT IS FURTHER ORDERED that Defendant Napleton's Arlington Heights Motors, Inc., d/b/a Napleton's Arlington Heights Chrysler Dodge Jeep Ram ("Napleton's Arlington Heights CDJR") is permanently enjoined as follows:

A.     Defendant Napleton's Arlington Heights CDJR is permanently enjoined from violating Section 2J.1 of the Consumer Fraud Act, 815 ILCS 505/2J.1, by offering a coupon in connection with the retail sale of a motor vehicle;

B.    Defendant Napleton's Arlington Heights CDJR is permanently enjoined from violating Section 475.590 of the Illinois Motor Vehicle Advertising Regulations, 14 Ill. Adm. Code 475.590, by advertising or offering a free gift in connection with the purchase or lease of a vehicle;

C.    Defendant Napleton's Arlington Heights CDJR is permanently enjoined from violating Section 475.610 of the Illinois Motor Vehicle Advertising Regulations, 14 Ill. Adm.

Code 475.610, by advertising or offering "closed-end credit" terms without clearly and conspicuously[1] disclosing the required credit sales advertising disclosures; and

      D.    Defendant Napleton's Arlington Heights CDJR is permanently enjoined from violating Section 475.390 of the Illinois Motor Vehicle Advertising Regulations, 14 Ill. Adm. Code 475.390, by advertising vehicles offered for sale at a range of percentage discounts, without clearly and conspicuously disclosing the lowest discount or highest price in the range in the advertisement.

## V. INJUNCTION CONCERNING FINANCING DISCLOSURES

      IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any advertisement for any extension of consumer credit, are permanently restrained and enjoined from:

      A.    Stating, expressly or by implication:

            1.    The amount or percentage of any downpayment, the number of payments or period of repayment, the amount of any payment, or the amount of any finance charge, without disclosing Clearly and Conspicuously all of the following terms:

                  a.    The amount or percentage of the downpayment;

                  b.    The terms of repayment; and

---

[1] For purposes of sections IV.C and IV.D, and for any subsequent compliance or enforcement action by the Illinois Attorney General, "Clear(ly) and Conspicuous(ly)" shall be defined consistent with Section 475.110 of the Illinois Motor Vehicle Advertising Regulations, 14 Ill. Adm. Code 475.110, attached hereto as Exhibit A.

       c.      The annual percentage rate, using the term "annual percentage rate" or the abbreviation "APR." If the annual percentage rate may be increased after consummation of the credit transaction, that fact must also be disclosed; or

     2.      A rate of finance charge without stating the rate as an "annual percentage rate" or the abbreviation "APR," using that term; or

  B.      Failing to comply with Regulation Z, 12 C.F.R. Part 226, as amended, and the Truth in Lending Act, as amended, 15 U.S.C. §§ 1601-1667, a copy of which is attached (TILA).

## VI.   PROHIBITION AGAINST UNLAWFUL CREDIT DISCRIMINATION

IT IS FURTHER ORDERED that Corporate Defendants, Corporate Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

  A.     Discriminating against any credit applicant:

     1.      On the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);

     2.      Because all of part of the applicant's income derives from any public assistance program; or

3.     Because the applicant has in good faith exercised any right under the

Consumer Credit Protection Act, §§ 1601-1693r, a copy of which is attached; or

B.     Failing to comply with the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-

1691f, and Regulation B, 12 C.F.R. § 202, a copy of which is attached (ECOA).

## VII. <u>FAIR LENDING PROGRAM</u>

IT IS FURTHER ORDERED that Corporate Defendants, Corporate Defendants' officers,

agents, employees and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, shall not participate in the

extension, renewal, or continuation of credit unless they establish and implement, and thereafter

maintain, a fair lending program ("Fair Lending Program") that safeguards against discrimination

against credit applicants on a basis prohibited by this Order or by law.   To satisfy this

requirement, Corporate Defendants must, at a minimum:

A.     Designate a single senior manager qualified in fair lending compliance as the fair

lending compliance officer responsible for the Fair Lending Program;

B.     Ensure all employees, before engaging in the extension, renewal, or continuation

of credit, and at least once every twelve (12) months, receive training from an independent

qualified person or organization on the Fair Lending Program, the requirements of the

ECOA, and Corporate Defendants' obligations under the ECOA, and sign an

acknowledgement that states that the employee: (1) completed the training, (2) had the opportunity to have questions about his or her legal responsibilities answered, and (3) understands his or her legal responsibilities not to discriminate under the federal fair lending laws;

C.      Implement and maintain written guidelines specifying the reasons for assessing or not assessing any fee or other charge, each of which must be objective and none of which can be discriminatory;

D.      For all retail installment sales contracts:

      1.      Charge an interest rate not greater than the Buy Rate;

      2.      Charge the same number of basis points above the Buy Rate; or

      3.      Charge a pre-set standard number of basis points above the Buy Rate ("Standard"), not to exceed one hundred eighty-five (185) basis points, except that: (i) if a lower Annual Percentage Rate (APR)  is imposed  by the assignee for the particular transaction, Corporate Defendants may deviate below  the Standard to match the lower APR; (ii) upon a consumer presenting a more favorable offer from another dealer or financing entity, Corporate Defendants may deviate below the Standard to match the more favorable offer, provided that Corporate Defendants create and maintain a contemporaneous written record, signed by the employee to whom the consumer made the

Page  15 of 30

request and certified by the Fair Lending officer, acknowledging the name of the consumer, the name of the dealer or financing entity, the APR offered, and that the consumer presented the offer to Corporate Defendants; (iii) upon a consumer's request of a lower monthly payment or APR, Corporate Defendants may deviate below the Standard to the extent necessary to match the requested monthly payment or APR, provided that Corporate Defendants create and maintain a contemporaneous written acknowledgment, signed by the employee to whom the consumer made the request and certified by the Fair Lending officer, that deviating downward from the Standard was necessary for the Corporate Defendants to offer the lower monthly payment or APR requested by the consumer; (iv) if the consumer qualifies for a manufacturer interest rate subvention program or a manufacturer employee incentive program, Corporate Defendants may deviate downward from the Standard to match the rate in that program; and (v) upon documented inventory reduction considerations related to specific vehicles; and

    a. For any charge below the Standard, create and maintain a contemporaneous written record that explains the reason for the downward deviation and is sufficient to show that the charge complies with the rest of this Order, with dated approval from the fair lending compliance officer; and

    b. For any charge above the Buy Rate, Clearly and Conspicuously disclose

before the earlier of consummation of the credit contract or obtaining the

consumer's signature on the credit contract that the consumer may negotiate

the APR and other consumers have received a lower rate;

E.     Promptly take disciplinary action, up to and including termination of employees

engaged in discriminatory conduct or conduct that violates the Fair Lending Program or any

term of Sections I through VII of this Order; and

F.     For 10 years after entry of this Order, within 14 days of receiving, whether directly

or indirectly, such as through a third party, a complaint of discrimination against Corporate

Defendants or any of Corporate Defendants' officers, agents, or employees, related to the

promotion, advertising, marketing, sale, leasing, or financing of new and used motor

vehicles, submit a copy, along with any response, to the Commission pursuant to the Section

titled "Compliance Reporting."

Provided, however, that nothing in this Order shall be construed as permitting any conduct

that overtly, in treatment, or in effect discriminates against consumers on the basis of race, color,

national origin, or any other protected characteristic or violates the ECOA or any other law.

## VIII.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that Defendants shall pay Ten Million Dollars

($10,000,000.00) as follows:

A.      Judgment in the amount of Nine Million Nine Hundred Fifty Thousand Dollars ($9,950,000.00) is entered in favor of the Plaintiffs against Individual Defendant and Corporate Defendants, jointly and severally, as monetary relief.   With respect to the judgment entered against Defendants in Sections VI.A:

1.      Defendants are ordered to pay to the Plaintiffs, by making payment to the Commission: Nine Million Nine Hundred Fifty Thousand Dollars ($9,950,000.00), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

2.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred and may not seek the return of any assets;

3.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs in a proceeding to enforce their rights to any payment or monetary judgment, such as a nondischargeability complaint in any bankruptcy case;

4.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes;

5.      Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701; and

6.      All money received by the Commission may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.   If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, with the court's prior approval, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.   Any money not used for relief is to be deposited to the U.S. Treasury.   Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

B.      Within 7 days of entry of this Order, North American Automotive Services, Inc.,

d/b/a Ed Napleton Automotive Group, Ed Napleton Elmhurst Imports, Inc., d/b/a Napleton's Kia

of Elmhurst/Ed Napleton Acura and Napleton's Arlington Heights Motors, Inc., d/b/a Napleton's

Arlington Heights Chrysler Dodge Jeep Ram shall pay $50,000.00 to the People of the State of

Illinois as a voluntary contribution to the Attorney General Court Ordered and Voluntary

Compliance Payment Projects Fund. The payment shall be made out to the "Attorney General

Court Ordered and Voluntary Compliance Fund," in accordance with payment instructions

separately provided by Plaintiffs. Such funds may be used by the Illinois Attorney General for

any purpose authorized by Section 7(e) of the Consumer Fraud Act, 815 ILCS 505/7(e).

Defendants shall not be entitled to further accounting regarding the money deposited into this

account.

## IX.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined

from directly or indirectly failing to provide sufficient customer information to enable the

Plaintiffs to efficiently administer consumer redress.   Defendants represent that they have

provided this redress information to Plaintiffs.   If a representative of the either of the Plaintiffs

requests in writing any information related to redress, Defendants must provide it, in the form

prescribed by Plaintiffs, within 14 days.

## X. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to:   (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for the conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to Plaintiffs:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:   (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

2.      Additionally, Individual Defendant must:   (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all

residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:   creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Individual Defendant must report any change in:   (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and

any Internet address of the business or entity.

C.      Each Defendant must submit to Plaintiffs notice of the filing of any

bankruptcy petition, insolvency proceeding, or similar proceeding by or against

such Defendant within 14 days of its filing.

D.      Any submission to Plaintiffs required by this Order to be sworn under penalty of

perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:   "I

declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.   Executed on:   _____" and supplying the date, signatory's full name, title (if

applicable), and signature.

E.      Unless otherwise directed by the applicable representative of Plaintiffs in writing,

all submissions to Plaintiffs pursuant to this Order must be emailed to DEbrief@ftc.gov and

Cassandra.halm@ilag.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission,

600 Pennsylvania Avenue NW, Washington, DC   20580 and Consumer Fraud Bureau Chief,

Consumer Fraud Bureau, Illinois Attorney General, 100 W. Randolph 12th Floor, Chicago, IL,

60601 with a copy to Cassandra Halm, Illinois Attorney General's Office, Consumer Fraud

Bureau, 500 South Second Street, Springfield IL 62701.   The subject line must begin:   FTC and

People of the State of Illinois v. Ed Napleton Automotive Group.

## XII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.   Specifically, Corporate Defendants, in connection with the advertising, marketing, offering for sale or lease, or sale or lease of motor vehicles or Add-on products or services, and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response.   For purposes of this provision, consumer complaint(s) shall mean any written, oral, or electronic allegation, charge, claim, demand, dispute, or lawsuit concerning the subject matter of the Order;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiffs; and

E.      a copy of each unique advertisement or other marketing material.

Page  25 of 30

## XIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of Plaintiffs, each Defendant must:   submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Defendant.   Defendant must permit representatives of the Plaintiffs to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.      Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Plaintiffs' lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

Page  26 of 30

D.      Upon written request from a representative of Plaintiffs, any consumer reporting

agency must furnish consumer reports concerning Individual Defendant, pursuant to Section

604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes

of construction, modification, and enforcement of this Order.

**SO ORDERED this 5th day of April, 2022.**

_____
MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FEDERAL TRADE COMMISSION**

_____
Miya Tandon, Attorney
Helen Clark, Attorney

Page  27 of 30

Federal Trade Commission
Washington, DC 20580
mtandon@ftc.gov
hclark@ftc.gov
202-326-2351 (Tandon)
202-326-2273 (Clark)
202-326-3768 (*fax*)

STATE OF ILLINOIS:

**PEOPLE OF THE STATE OF ILLINOIS**

_____

**KWAME RAOUL**
Illinois Attorney General

CASSANDRA HALM
JACOB GILBERT
GREG GRZESKIEWICZ, Bureau Chief
Consumer Fraud Bureau
100 W. Randolph, 12th Fl.
Chicago, IL 60601
Cassandra.Halm@ilag.gov
Jacob.Gilbert@ilag.gov
Greg.Grzeskiewicz@ilag.gov
(217)725-9591 (Halm)

**FOR DEFENDANTS:**

_____     Date:  _____
NORTH AMERICAN AUTOMOTIVE
SERVICES, INC.


_____     Date:  _____

ED NAPLETON ELMHURST IMPORTS, INC.

_____       Date: _____

NAPLETON'S ARLINGTON HEIGHTS
MOTORS, INC.

_____       Date: _____

NAPLETON'S NORTH PALM AUTO PARK, INC.

_____       Date: _____

NAPLETON ENTERPRISES, LLC

_____       Date: _____

CLERMONT MOTORS, LLC

_____       Date: _____

NORTH PALM MOTORS, LLC

_____       Date: _____

NAPLETON'S ELLWOOD MOTORS, INC.

_____       Date: _____

NAPLETON MID RIVERS IMPORTS, INC.

_____    Date: _____

HITKO KADRIC


_____    Date: _____

STEVEN M. WERNIKOFF
HONIGMAN, LLC
155 N. Wacker Dr., Suite 3100
Chicago, IL   60606
Telephone:   (312) 701-9300
Counsel for Defendants